IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, COLUMBIA, SC

2013 SEP 16 PM 2: 02

Darryl L. Cook,  ]
    Plaintiff,  ]
      ]
      ]
      ]
vs.  ]
      ]
      ]
      ]
United States of America,  ]
    Defendant.  ]

### Jurisdiction and Venue of Actions Under Federal Tort Claims Act

**HARASSING LITIGATION-VEXATIOUS LITIGATION-OPPRESSIVE HINDERING HARASSMENT AND ASSAULT**

First Cause of Action

This action arises under the Federal Tort Claims Act, morefully appears (F.T.C.A.), of June 25, 1948, 62 stat (28 U.S.C. 1346 (b) 2671-2680(h) et. seq.,) as herein morefully appears. Bureau of prisons employees have been considered as investigative, law enforcement officers within the meaning of 28 U.S.C.S. 2680(h).

The plaintiff resides in the judicial district of South Carolina, herein the complaint is filed or acts and omissions complained occured in the above entitled judicial district.

At all times herein mentioned, defendant, by and through the Federal Bureau of Prisons division of the United States Department of Justice, a Federal Correctional Facility, Estill Prison Camp, at 100 Prison Road, Estill, South Carolina 29918-0699.

At all times mentioned, Eugene K. Carlton (Executive Assistant), Estill Federal Prison Camp, Estill, South Carolina, were and now is employed with the

(1)

United States Department of Justice of said Federal Bureau of Prisons. In doing or omitting to do all of the acts herein alleged, the above named employee of defendant were acting within the scope of their respective employments and with the permission and consent of defendant at the time of negligence.

### STATEMENT OF THE FACTS

On August 23rd, 2012, at approximately 11:30 a.m., in the proximate location of Estill's Federal Prison Camp's cafeteria, Darryl L. Cook was assaulted by Executive Assistant Eugene K. Carlton.

In while the plaintiff, Darryl L. Cook was apologizing to a friend, inmate Kenneth Davis, register #15502-171, for a previous confrontation that took place over 20 minuts ago, in while apologizing, Executive Assistant Eugene K. Carlton, aggressively snatched the plaintiff's left arm, and pulled the body of the plaintiff awkardly, causing a sudden tweeking, sharp pain to a pre-existing, nagging, lower right back injury.

The plaintiff and his friend was not engaging in a heated argument when the assault occured and the government employee did not have a reason to assault the plaintiff. There was two other officers present, within touching distance, of this negligent physical assault which caused bodily harm and serious injury. The officers present were camp officer Williams, and Counselor Derick Gantt. Inmate Nathaniel Gaither register #84703-020, was also present.

Immediately following the assault by Eugene K. Carlton, the plaintiff was placed in **(SHU)**, segregated housing unit. Administrative Detention Order read, "your being placed in "SHU" pending possible fight with inmate Davis, Kenneth #15502-171. (see exhibit A).

By placing the plaintiff in isolated, segregated housing unit, the pre-meditated perpetrator, established the **negligent harrassing of litigation-**

(2)

vexatious and oppressive litigation harassment. Plaintiff never received the **ORDER TO RESPOND TO THE COURT"S ORDER** on August 28, 2012, that was mailed to the plaintiff while in isolated "SHU", because it was taken, tampered with and destroyed by E.K. Carlton. The log book for all legal mail will actually show who tampered with the response dated August 28, 2012. Within this order, the plaintiff now **MOVES TO SUPOENA** the log book for the months of August and September 2012. With the exception of the order to respond to the Court's Order that was entered on August 28, 2012, Case No. 0:12-1271-RMG-PJG, which was dismiss without prejudice, all other mail was delivered to the plaintiff while in "SHU". After the plaintiff was released from "SHU", plaintiff requested to see the log book for such items mentioned above, and was denied.

Plaintiff was released from segregated housing unit on September 17, 2012. No charges filed or pending, no citation of sanctions given. By placing the plaintiff in segregation, it was a opportune time to take the Court's Response ie, mail and destroy it, disrupting the normal operation of the courts. Because the response was a civil claim involving the negligent allegation of mail fraud and the mail tamperings perpetrated by Executive Assistant Eugene K. Carlton.

While in "SHU" and after being released from segregation, medical services refused to administer medical attention to the plaintiff for this pre-existing injury to his lower back.

In **De'lonta v. Johnson**, No. 11-7482, (4th Cir.) Jan. 28, 2013, the United States Court of Appeals for the Fourth Circuit held that by actively providing some medical treatment to an inmate does not demonstrate that prison personel provided adequate treatment. In an opinion by Judge Albert Diaz, the court found that the inmate adequately pleaded that prison personel were deliberately indifferent.

This assault by contact was intenional, by touching another person when the actor knew that the touch will offend or provoke the plaintiff.

As stated **Ibid.**, the plaintiff was released on the 17th day of September 2012, from segregation, plaintiff was scheduled for a medical appointment for a pass due colonoscopy on the 20th of September. This medical appointment was cancelled. This as well as other retaliating actions are plagueing and disrupting the daily operations of the institution at Estill Federal Prison Camp.

"In doing or omitting to do all of the acts herein alleged, the above named employee of defendant were acting within the scope of their respective employments and with the permission and consent of defendant at the time of negligence.

Disclosed as attachments are copies of:

(1) **CRIMINAL COMPLAINT**
(2) **COPY OF INCIDENT REPORT**
(3) **Cop-Out to Lt. Office**
(4) **NOTICE OF APPEAL**

On March 29, 2012, plaintiff's claim was finally denied by the U.S. Department of Justice, Federal Bureau of Prisons in writing and sent to plaintiff by registered mail. The U.S. Department of Justice, Federal Bureau Of Prisons failed to make a final deposition of plaintiff's claim within six months after it was filed. It is humanly impossible to respond to a order that was never received by the plaintiff. This intentional Tortious act by Executive Assistant E.K. Carlton turned out to be an abuse of process, denying the plaintiff access to the courts, by tampering with the mail and assaulting the plaintiff. This torment has caused delays and harassing of litigation, not to mention the dismissal of a civil case that has caused the plaintiff physical injuries, emotional distress as well as financial burdens.

(4)

As a direct and proximate result of the negligence of defendant, as alleged above, plaintiff suffered irreversible harm to a pre-existing lower, pre-existing back injury, severe nerve damage, and harassing of litigation, which presented mental and emotional distress, all to the sum certain of $13,000,000.00.

By reason of defendant's negligence, as alleged above, plaintiff has been and in the future will be compelled to undergo many painful surgical operations, medical treatments, and rehabilitative procedures, and has suffered and will continue to suffer excruciating physical pain and great mental and emotional anxiety and again distress, all to his damage in the sum certain of $13,000,000.00.

Respectfully submitted                                      August 28, 2013

*[signature: Darryl L. Cook]*

Darryl Lovby Cook #26638-001
Estill Federal Prison Camp
100 Prison Road - P.O. Box 699
Estill, South Carolina   29918-0699

(5)